FILED

2012 Oct-09  PM 04:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **LISA MOLAND,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-11-S-1155-M** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM OPINION AND ORDER

Claimant Lisa Moland commenced this action on April 1, 2011, pursuant to 42
U.S.C. § 405(g), seeking judicial review of a final adverse decision of the
Commissioner, affirming the decision of the Administrative Law Judge ("ALJ")
denying her claim for continuation of a period of disability and disability insurance
benefits.  On May 7, 2012, claimant filed a motion to remand the case to the
Commissioner pursuant to Sentence Six of 42 U.S.C. § 405(g), for consideration of
a subsequent favorable decision by the Commissioner.[1]  For the reasons stated herein,
the court finds that claimant's motion to remand pursuant to Sentence Six is due to
be denied, and the Commissioner's decision to deny benefits is due to be affirmed.

### I. MOTION TO REMAND

---

[1] Doc. no. 9.

Plaintiff requests the court to remand this case, pursuant to Sentence Six of 42 U.S.C. § 405(g), for consideration of the subsequent decision of the Commissioner, dated March 16, 2011, that claimant was entitled to benefits beginning August 5, 2009, the day after the ALJ entered the administrative decision that is the subject of this appeal.

> Sentence Six states:
>
> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g). "Sentence six remands are 'available when evidence not presented to the Commissioner at any stage of the administrative process requires further review.'" *Poellnitz v. Astrue,* 349 F. App'x 500, 504 (11th Cir. 2009) (quoting *Ingram v. Commissioner of Social Security Administration,* 496 F.3d 1253, 1267

(11th Cir. 2007)).

> To be entitled to remand to the Commissioner, the claimant must show that (1) new, non-cumulative evidence exists; (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result; and (3) good cause exists for the claimant's failure to submit the evidence at the appropriate administrative level. *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986). However, "not every discovery of new evidence, even if relevant and probative, will justify a remand to the Secretary, for some evidence is of limited value and insufficient to justify the administrative costs and delay of a new hearing." *Id*. at 876 (internal quotation marks omitted). Accordingly, sentence six encompasses only those instances in which "the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." *Ingram*, 496 F.3d at 1267 (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626, 110 S. Ct. 2658, 2664, 110 L. Ed.2d 563 (1990)).

*Carson v. Commissioner of Social Security,* 373 F. App'x 986, 988 (11th Cir. 2010).

The March 16, 2011 Notice of Award is "new," in the sense that it did not exist on August 4, 2009, the date of the ALJ's decision in this case. For that same reason, it can also be said that claimant had good cause for failing to present the Notice of Award during the administrative proceedings that are being challenged in this case. Those obvious observations aside, the Eleventh Circuit has held that,

> [f]or evidence to be new and noncumulative, it must relate to the time period on or before the date of the ALJ's decision. *See* 20 C.F.R. 404.970(b). Evidence of deterioration of a previously-considered condition may subsequently entitle a claimant to benefit in a new application, but it is not probative of whether a person was disabled during the specific period under review. *See Wilson v. Apfel*, 179 F.3d

3

1276, 1279 (11th Cir. 1999) (*per curiam*) (holding that a doctor's opinion one year after the ALJ decision was not probative to any issue on appeal). By contrast, evidence of a condition that existed prior to the ALJ hearing, but was not discovered until after the ALJ hearing, is new and noncumulative. *See Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218-19 (11th Cir. 2001) (holding that remand was warranted because a doctor discovered a herniated disk after the ALJ decision).

*Leiter v. Commissioner of Social Security Administration,* 377 F. App'x 944, 950

(11th Cir. 2010). The foregoing quotation from the unpublished opinion in *Leiter* is,

in effect, just another way of saying that the new evidence must be "material,"

meaning that it would be likely to change the administrative result.

Here, the March 16, 2011 Notice of Award does not relate to the time period

before the ALJ's August 4, 2009 decision, and it has little likelihood of changing the

administrative result on claimant's first claim. The Notice of Award stated that

claimant was entitled to benefits as of August 5, 2009, but the ALJ's decision in this

case addressed claimant's disability status as of June 28, 2006. Claimant did not

explain why the Commissioner's decision about her disability status as of August 5,

2009 should relate back to June 28, 2006. Plaintiff's condition may have worsened

over time, but that does not necessarily mean that the Commissioner's decision about

claimant's disability status as of June 28, 2006 is incorrect. In fact, as discussed more

fully below, the evidence of record supports the ALJ's decision that claimant was not

disabled as of June 28, 2006. Thus, the March 26, 2011 Notice of Award is not "non-

cumulative" or "material," as required for a Sentence Six remand.  *See, e.g., Cassidy v. Commissioner of Social Security Administration,* 383 F. App'x 840, 842 (11th Cir. 2010) (holding that a subsequent award of benefits was "not inconsistent" with the previous finding of no disability because "significant additional medical evidence was presented in support of the" later claim, and "that the evidence was relevant to the time *after*" the initial decision) (emphasis supplied); *Allen v. Commissioner of Social Security,* 561 F.3d 646, 653 (11th Cir. 2009) ("[A] subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g)."); *Wilson v. Apfel,* 179 F.3d 1276, 1279 (11th Cir. 1999) (holding that, while a medical opinion rendered one year after the ALJ's decision "may be relevant to whether a deterioration in [the claimant's] condition subsequently entitled her to benefits, it is simply not probative of any issue in this case").

## II. REVIEW OF THE ADMINISTRATIVE DECISION

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision was neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ: (1) should have remanded her claim to the Commissioner for further consideration of additional evidence submitted for the first time to the Appeals Council; (2) failed to fully develop the administrative record; (3) failed to consider all of claimant's severe impairments and erred by failing to find that claimant's depression was a severe impairment; (4) failed to state adequate reasons for finding claimant to be less than fully credible; (5) rendered a decision that was not based on substantial evidence, once the additional evidence submitted to the Appeals Council is considered; and (6) erred by finding that claimant did not satisfy the requirements of Listing 12.04.

## A.    Remand for Consideration of Additional Evidence

Claimant first asserts that the ALJ should have remanded the case to the Commissioner for further consideration of evidence that was presented to the Appeals Council after the date of the administrative decision, including: (1) medical records from Dr. Charles Bell, claimant's treating physician, dated February 14, 2008 to June 6, 2009, and July 30, 2009 to September 3, 2009; (2) a consultative psychological report from Dr. David Wilson, dated September 15, 2009; and (3) a physical

consultative evaluation report from Dr. Daniel Prince, dated December 17, 2009.

Because that evidence was submitted for the first time to the Appeals Council,[2] the

court must consider whether remand is warranted under "sentence four" of 42 U.S.C.

§ 405(g),[3] not "sentence six" of that statute.  As the Eleventh Circuit has observed:

> "Section 405(g) [of the Social Security Act] permits a district
> court to remand an application for benefits to the Commissioner . . . by
> two methods, which are commonly denominated 'sentence four
> remands' and 'sentence six remands.'" *Ingram,* 496 F.3d at 1261.  A
> sentence four remand, as opposed to a sentence six remand, is
> appropriate when "evidence properly presented to the Appeals Council
> has been considered by the Commissioner and is part of the
> administrative record." *Ingram,* 496 F.3d at 1269.  Under a sentence
> four remand, when a claimant has submitted evidence for the first time
> to the AC, the claimant is not required to show good cause. *See
> Melkonyan v. Sullivan,* 501 U.S. 89, 99-100, 111 S. Ct. 2157, 2164, 115
> L. Ed. 2d 78 (1991) (recognizing "Congress' explicit delineation in §
> 405(g)" between sentence four and sentence six remands and noting that
> a court may remand under sentence six "only if the claimant shows good
> cause for failing to present the evidence earlier"); *see also Ingram,* 496
> F.3d at 1258 (recognizing that we have previously "mistakenly stated
> that evidence first presented to the Appeals Council could be considered
> by the court only if the applicant had good cause for not presenting it

---

[2] *See* Tr. 5 (Order of Appeals Council acknowledging receipt of a brief from claimant's representative dated May 4, 2010, which included as attachments all of the additional medical evidence referenced by claimant).  Claimant asserts that "[t]he fact that the [representative's] letter and records they [sic] were combined together creates an inference that they were not read and not considered."  Doc. no. 8 (claimant's brief), at 15 (alterations supplied).  Claimant cites no authority for that assertion, and the court finds that it is clearly contradicted by the record.  The Appeals Council specifically stated in its March 2, 2011 Notice of Appeals Council Action that it considered the additional evidence submitted by claimant.  Tr. 1-2.

[3] Sentence Four states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).

earlier to the administrative law judge.").

*Smith v. Astrue,* 272 F. App'x 789, 802 (11th Cir. 2008) (alteration and ellipses in

original).

> When a claimant submits new evidence to the AC, the district court must
> consider the entire record, including the evidence submitted to the AC,
> to determine whether the denial of benefits was erroneous. *Ingram,* 496
> F.3d at 1262.  Remand is appropriate when a district court fails to
> consider the record as a whole, including evidence submitted for the first
> time to the AC, in determining whether the Commissioner's final
> decision is supported by substantial evidence. *Id.* at 1266-67.  The new
> evidence must relate back to the time period on or before the date of the
> ALJ's decision.  20 C.F.R. § 404.970(b).

*Smith,* 272 F. App'x at 802.

Claimant asserts that the additional evidence warranted remand because it "was

very important and substantiated Claimant's testimony."[4]  It is true, as claimant points

out, that "[t]he additional records from Dr. Bell showed a continuation of treatment

as to the decision dates and thereafter."[5]   Even so, the mere fact that claimant

continued to be treated by Dr. Bell after the time period considered by the ALJ does

not render the ALJ's decision suspect.  Just because claimant continued to receive

treatment for certain conditions does not mean that those symptoms were disabling.

Instead, the relevant consideration is the effect of the impairment, or combination of

---

[4] Doc. no. 8 (claimant's brief), at 15.

[5] *Id.* at 15.

impairments, on the claimant's ability to perform substantial gainful work activities.

*See* 20 C.F.R. § 404.1505 (defining a disability as "the inability to do any substantial

gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months"). *See also Bowen*

*v. Yuckert,* 482 U.S. 137, 146 (1987) ("The [Social Security] Act 'defines "disability"

in terms of the effect a physical or mental impairment has on a person's ability to

function in the workplace.'") (quoting *Heckler v. Campbell,* 461 U.S. 458, 459-60

(1983)).  There is nothing in the additional records from Dr. Bell to indicate a higher

level of functional impairment than that which was assessed by the ALJ.  Moreover,

most of the other evidence submitted to the Appeals Council originated *after* the date

of the ALJ's decision and, consequently, it is not relevant to whether claimant was

disabled *prior to* that date.

In summary, even considering the additional evidence submitted for the first

time to the Appeals Council, the record as a whole does not call into question the

ALJ's decision.  Accordingly, the case will not be remanded to the Commissioner for

consideration of additional evidence.  This determination also resolves claimant's

fifth challenge to the ALJ's decision, *i.e.,* that the ALJ's decision was not based on

substantial evidence because it did not include the additional evidence submitted to

the Appeals Council.

## B.     Failure to Develop Record

Next, claimant asserts that the ALJ failed to fully develop the administrative record because he failed to obtain Dr. Bell's records from February 14, 2008 to June 5, 2009 prior to deciding claimant's case.  As discussed above, even if Dr. Bell's records from that time period had been considered, the ALJ's decision still would be supported by substantial evidence.  Therefore, even if the ALJ did err in failing to obtain those records (and this court is not holding that he did), any such error would be harmless.

## C.     Severe Impairments

Next, claimant asserts that the ALJ erred in failing to consider her migraine headaches, depression, hypertension, and anxiety to be severe impairments.  Social Security regulations define a "severe" impairment as one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).  "An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler,* 724 F.2d. 914, 920 (11th Cir. 1984).

The ALJ in this case found that claimant suffered from the severe impairments of osteoarthritis, fibromyalgia, history of compression fracture, and Epstein-Barr Syndrome.  With regard to claimant's other alleged impairments, he stated:

> I find the evidence of a history of left lateral epicondylitis; headaches, respiratory distress syndrome, and depression supports the conclusion that none of those conditions have resulted in significant functional limitations.  I find the depression has resulted in no more than mild restriction of activities of daily living; mild difficulties in social functioning; mild difficulties in concentration, persistence, or pace; and, no episodes of decompensation.  Therefore, I find the foregoing conditions or impairments are non-severe under the Act and Regulations.[6]

The record supports the ALJ's conclusion.  The only substantive argument that claimant makes to the contrary is that the ALJ in the March 16, 2011 administrative decision found depression to be a severe impairment.  As discussed above, the ALJ's March 16, 2011 findings do not necessarily relate back to the time period relevant to this case.  Furthermore, there is no evidence in the record from the relevant time period that indicates claimant suffered any more than mild limitations from depression, or any of the other impairments characterized by claimant as "severe."

**D.   Credibility**

Claimant next argues that the ALJ failed to state adequate reasons for finding her to be less than fully credible.  The ALJ evaluated claimant's credibility in

---

[6] Tr. 18.

conjunction with her subjective symptoms.  To demonstrate that pain or another subjective symptom renders her disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  "After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)).  If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons."  *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

Here, the ALJ found that claimant's medically determinable impairments could not be expected to cause the level of subjective symptoms she alleged, and that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are credible only to the extent they are consistent with the residual

functional capacity assessment that I have made."[7]  He also stated:

> In assessing credibility in this case, I've considered the conservative nature of treatment, gaps in treatment and, as noted, the fact that no physician of record has assigned medical restrictions or opined the claimant is disabled.  Also, I have considered the claimant's longitudinal earnings history, evidencing only sporadic work prior to the alleged onset date of disability, raising the question as to whether the claimant's continuing unemployment is actually due to medical impairments.[8]

The court finds the ALJ's assessment of claimant's credibility to be adequate, in accordance with applicable legal standards, and supported by substantial evidence of record.

**E.    Listing 12.04**

Listing 12.04, addressing affective disorders, requires proof of:

> 1.  Depressive syndrome characterized by at least four of the following:
>
>> a.  Anhedonia or pervasive loss of interest in almost all activities; or
>>
>> b.  Appetite disturbance with change in weight; or
>>
>> c.  Sleep disturbance; or
>>
>> d.  Psychomotor agitation or retardation; or
>>
>> e.  Decreased energy; or

---

[7] Tr. 20.

[8] *Id.*

13

f.  Feelings of guilt or worthlessness; or

g.  Difficulty concentrating or thinking; or

h.  Thoughts of suicide; or

i.  Hallucinations, delusions, or paranoid thinking.

20 C.F.R. pt. 404, subpt. P, appx. 1, § 12.04A (listings) (the so-called "A criteria").

Additionally, a claimant must show at least two of the following:

1.  Marked restriction of activities of daily living; or

2.  Marked difficulties in maintaining social functioning; or

3.  Marked difficulties in maintaining concentration, persistence, or pace; or

4.  Repeated episodes of decompensation, each of extended duration.

20 C.F.R. pt. 404, subpt. P, appx. 1, § 12.04B (listings) ("B criteria").  Alternatively,

a claimant can demonstrate a

[m]edically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:

1.  Repeated episodes of decompensation, each of extended duration; or

2.  A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or

14

change in the environment would be predicted to cause the
individual to decompensate; or

3. Current history of 1 or more years' inability to function outside
a highly supportive living arrangement, with an indication of
continued need for such an arrangement.

20 C.F.R. pt. 404, subpt. P, appx. 1, § 12.04C (listings) ("C criteria").

In her brief, claimant points only to medical treatment records noting her

diagnosis of depression and her treatment with medication.  However, she does not

explain why the condition results in sufficiently severe functional limitations to

satisfy the requirements of the Listing.  The ALJ did not even discuss whether

claimant satisfied this Listing.  There was no need for him to do so, however, because

he found that claimant's depression caused only mild impairments in her functional

abilities, and that it therefore was not even a severe impairment.  As discussed above,

that decision was supported by substantial evidence of record.  Accordingly, there

also is no evidence to support satisfaction of the Listing.

### III. CONCLUSION AND ORDERS

In accordance with the foregoing, claimant's motion for remand pursuant to

Sentence Six of 42 U.S.C. § 405(g) is DENIED.  Additionally, because the ALJ's

decision was supported by substantial evidence and in accordance with applicable

legal standards, the decision of the Commissioner is AFFIRMED.  Costs are taxed

against claimant.  The Clerk is directed to close this file.

      DONE this 9th day of October, 2012.

                                    _____

                                    United States District Judge